## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201 )<br><br>    Plaintiff, )<br><br>v. )<br><br>EMS INNOVATIONS, INC.,<br>4513 Mountain Road, Suite 4<br>Pasadena, Maryland 21122 )<br><br>    Defendant. )| Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7-14, below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant EMS Innovations, Inc. has engaged in a continuous course of sexual harassment and sex discrimination that has persisted since at least August 2004.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division, and other jurisdictions.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant EMS Innovations, Inc., a Delaware corporation, has continuously been doing business in the State of Maryland, as well as other jurisdictions, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Elizabeth Cooper and Paula Bathras filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least August 2004, Defendant has engaged in unlawful employment practices at its Pasadena, Maryland facility and at other locations in violation of Section 703(a)(1) and (a)(2)

2

of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

     8.     Beginning on or about November 3, 2004, and persisting until on or about November 15, 2004, Defendant, acting through its President, owner and alter ego Joseph G. Ferko, III, subjected Charging Party Elizabeth Cooper to a continuing course of unwelcome and offensive harassment because of her sex, female, in violation of Title VII. Such harassment created a hostile work environment on the basis of sex and culminated in tangible employment action. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

     9.     On or about November 15, 2004, Defendant constructively discharged Charging Party Elizabeth Cooper because of her sex, female, in violation of Title VII. Throughout the course of Ms. Cooper's employment, Defendant deliberately created working conditions that Ms. Cooper reasonably viewed as intolerable and that compelled her to resign.

     10.     Beginning on or about August 9, 2004, and persisting until on or about November 17, 2004, Defendant, acting through its President, owner and alter ego Joseph G. Ferko, III, subjected Charging Party Paula Bathras to a continuing course of unwelcome and offensive harassment because of her sex, female, in violation of Title VII. Such harassment created a hostile work environment on the basis of sex and culminated in tangible employment action. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

     11.     On or about November 17, 2004, Defendant constructively discharged Charging Party Paula Bathras because of her sex, female, in violation of Title VII. Throughout the course of Ms. Bathras's employment, Defendant deliberately created working conditions that Ms. Bathras

reasonably viewed as intolerable and that compelled her to resign.

12.    Beginning on or about August 2004, and persisting until on or about January 2005, Defendant, acting through its President, owner and alter ego Joseph G. Ferko, III, subjected Kelli Brown to a continuing course of unwelcome and offensive harassment because of her sex, female, in violation of Title VII. Such harassment created a hostile work environment on the basis of sex and culminated in her discharge, a tangible employment action. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

13.    Beginning on or about December 2004, and persisting until on or about August 2005, Defendant, acting through its President, owner and alter ego Joseph G. Ferko, III, subjected Tanya Smith to a continuing course of unwelcome and offensive harassment because of her sex, female, in violation of Title VII. Such harassment created a hostile work environment on the basis of sex and culminated in her forced reassignment, reduction of pay, and discharge, all tangible employment actions. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

14.    Since at least August 2004, Defendant, acting through its President, owner and alter ego Joseph G. Ferko, III, has subjected a class of presently unidentified aggrieved female employees to a continuing, on-going course of unwelcome and offensive harassment because of their sex, female, in violation of Title VII. Such harassment created a hostile work environment on the basis of sex and culminated in tangible employment actions. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

4

15.     The effect of the practices complained of in paragraphs 7-14, above, has been to deprive Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

16.     The unlawful employment practices complained of in paragraphs 7-14 above, are part of a continuing course of sex discrimination perpetrated against female employees by Defendant that has persisted since at least August 2004.

17.     The unlawful employment practices complained of in paragraphs 7-14, above, were and are intentional.

18.     The unlawful employment practices complained of in paragraphs 7-14, above, were and are done with malice or with reckless indifference to the federally protected rights of Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, including sexual harassment, constructive discharge, and any other employment practice which discriminates on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female persons, and which eradicate the effects of its past and present unlawful employment practices.

5

C.      Order Defendant to make whole Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D.      Order Defendant to make whole Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-14, above, in amounts to be determined at trial.

E.      Order Defendant to make whole Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees  by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-14, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.      Order Defendant to pay Charging Party Elizabeth Cooper, Charging Party Paula Bathras, Kelli Brown, Tanya Smith, and other presently unidentified, similarly-situated female employees punitive damages for the malicious and reckless conduct described in paragraphs 7-14, above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

6

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia District Office
(including Baltimore Field Office)
City Crescent Building, 3rd Floor
10 S. Howard St.
Baltimore, MD 21201
Office #: (215) 440-2666
Facsimile #: (215) 440-2600

TRACY HUDSON SPICER (Bar No.08671)
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4623
Facsimile number: (410) 962-4270/2817

7

RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 962-4628
Facsimile #: (410) 962-4270/2817