## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                    *

     Plaintiff,                              *

v.                                                      Civil Action No. RDB 06-1320

                                   *

EMS INNOVATIONS, INC.,                     *

     Defendant.                             *

                                   *

*    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM OPINION

This action arises from a Complaint filed by Plaintiff Equal Employment Opportunity Commission (the "EEOC") against Defendant EMS Innovations, Inc. ("EMS"). The Complaint alleges that EMS violated certain provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Pending before this Court is EMS's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. EMS contends that the Complaint fails to state a claim for two reasons: (1) EMS is not a covered "employer" for purposes of Title VII; and (2) the Complaint fails to specify sufficient facts to support the asserted causes of action. EMS asserts matters outside the pleadings in making these contentions. This Court has jurisdiction under 28 U.S.C. § 1331. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, EMS's Motion to Dismiss is DENIED and the EEOC is granted leave to file an amended complaint.

<u>STANDARD OF REVIEW</u>

**I.      Motion to Dismiss.**

Defendant seeks to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint"

and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards*

*v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal Rules of Civil

Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."

*Coney v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain

statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-*

*Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading

standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if,

after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain

that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."

*Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also*

*Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

**II.     Summary Judgement.**

As EMS asserts matters outside the pleadings, Rule 12(b)(6) of the Federal Rules of Civil

Procedure provides that this Court may treat the motion as one for summary judgment.  Rule 56

of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)

(emphasis added).  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court

explained that only "facts that might affect the outcome of the suit under the governing law" are

*material*.  *Id.* at 248.  Moreover, a dispute over a material fact is *genuine* "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The court further

explained that, in considering a motion for summary judgment, a judge's function is limited to

determining whether sufficient evidence supporting a claimed factual dispute exists to warrant

submission of the matter to a jury for resolution at trial.  *Id.* at 249.  In that context, a court must

consider the facts and all reasonable inferences in the light most favorable to the nonmoving

party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Once the movant has established the absence of any genuine issue of material fact, the

opposing party has an obligation to present some type of evidence to the court demonstrating the

existence of an issue of fact."  *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th

Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)).

Thus, Rule 56 mandates summary judgment against a party "who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

If the evidence presented by the nonmoving party is merely colorable, or is not significantly

probative, summary judgment must be granted.  *Anderson*, 477 U.S. at 249-50.  Similarly, the

existence of a mere "scintilla" of evidence in support of the nonmoving party's case is

insufficient to preclude an order granting summary judgment.  *Id.* at 252.

<u>DISCUSSION</u>

**I.      Plaintiff's Complaint.**

Although not organized by counts, the Complaint alleges that EMS's President and

owner, Joseph G. Ferko, III ("Ferko"), subjected at least six employees to sexual harassment in

violation of Title VII.  For example, the Complaint asserts that Ferko subjected Elizabeth Cooper

and Paula Bathras "to a continuing course of unwelcome and offensive harassment" and that

these employees were "constructively discharged" because of their sex.  (Compl. ¶¶ 8-11.)  The

EEOC alleges that Ferko subjected Kelli Brown and Tanya Smith "to a continuing course of

unwelcome and offensive harassment because of [their] sex . . . "  (*Id*. at ¶¶ 12-13.)  The

Complaint also alleges that Ferko has "subjected a class of presently unidentified aggrieved

female employees to a continuing, on-going course of unwelcome and offensive harassment

because of their sex, female, in violation of Title VII."  (*Id*. at ¶ 14.)  The EEOC contends that

the unlawful employment practices described above "are part of a continuing course of sex

discrimination."  (*Id*. at ¶ 16.)  Finally, the EEOC requests a permanent injunction enjoining

EMS from engaging in sexual harassment and seeks compensatory and punitive damages in

unspecified amounts.  (*Id*. at ¶¶ A-F.)

**II.     "Employer" under Title VII.**

It is well-established that Title VII liability only attaches to "employers."  An "employer"

is "a person engaged in an industry affecting commerce who has fifteen or more employees for

each working day in each of twenty or more calendar weeks in the current or preceding calendar

year . . . ."  42 U.S.C. § 2000e(b).  Whether an entity employs a sufficient number of employees

for Title VII purposes is an issue that should be evaluated under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, not Rule 12(b)(1).  *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, ___,

126 S. Ct. 1235, 1245 (2006).  ("[W]e hold that the threshold number of employees for

application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.")

Accordingly, this Court considers EMS's Motion to Dismiss under Rule 12(b)(6).

      EMS contends that it never employed fifteen or more employees and therefore is not an

"employer" under Title VII.  In response, the EEOC argues that EMS's argument relies on

miscategorizing its employees as "owners," "independent contractors," or "high school

students."  For reasons explained below, this factual dispute cannot be resolved at this early

stage in the litigation.

      As a preliminary matter, EMS presents matters outside the pleadings—*e.g.*, personnel

records—in support of its claim that it is not an "employer" under Title VII.  As a result, this

Court must convert EMS's motion to dismiss to one for summary judgment under Rule 56.  *See*

Fed. R. Civ. P. 12(b)(6) ("[M]atters outside the pleading are presented to and not excluded by the

Court, the motion shall be treated as one for summary judgment and disposed of as provided in

Rule 56 . . . .").  In light of the fact that discovery has not commenced in this case, this Court

notes the general rule that "summary judgment must be refused where the nonmoving party has

not had the opportunity to discover information that is essential to his opposition."  *Harrods Ltd.*

*v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).  Under Rule 56(f), moreover, this court has

discretionary authority to deny a motion for summary judgment in response to the nonmoving

party's request for discovery.  *See* Fed. R. Civ. P. 56(f) ("[T]he court may refuse the application

for judgment or may order a continuance to permit . . . discovery to be had . . . .").

In this case, additional discovery is needed to resolve whether EMS is an employer within the ambit of Title VII.  First, the primary documents relied upon by EMS—*i.e.*, the business records attached to the Motion to Dismiss— are unauthenticated.  *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (citation omitted) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.").  Second, at least one of those documents appears inconsistent with EMS's contention that its workforce was at all times *less than* 15 employees.  Specifically, the staffing report submitted by EMS for calender year 2005 appears to list *at least* 15 part or full-time employees.  (*See* Def. Mot. to Dis., unnumbered exhibit.)  In its reply papers, moreover, EMS suggests that these records may contain errors.  (*See* Def. Reply p. 7 ("Any errors made were based on a response to vague subpoena request[s] by the EEOC.").)  Finally, the EEOC submits an affidavit filed under Rule 56(f) specifying the need for discovery in this matter.  (*See* Pl. Mem. in Opp. to Mot. to Dis., Attachment 1, pp. 1-2.)  Specifically, the EEOC intends to gather information on this issue by requesting interrogatories, document production, and deposing of various personnel who worked at EMS facilities.[1]  (*See* Pl. Mem. in Opp. to Mot. to Dis., Attachment 1, pp. 1.)

---

[1]    This Court notes that EMS attached a number of affidavits to its reply brief.  First, the EEOC has not been afforded a reasonable opportunity to challenge the statements made in these affidavits.  *Cf. Jordan v. Washington Mut. Bank*, 211 F. Supp. 2d 670, 673 (D. Md. 2002) ("Even if the Court were to conclude that it should at this early stage of the case consider 'matters outside the pleading,' the Court would be required to give the parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'") (citing Fed. R. Civ. P. 12(b)).  Second, at least some of the affidavits submitted by EMS categorize its workers as "employees," "independent contractors," *etc.* in conclusory fashion.  *Cf. Guinness PLC v. Ward*, 955 F.2d 875, 901 (4th Cir. 1992) ("[T]he mere placement of . . . conclusory allegations and speculative assertions into affidavits or declaration without further legitimate support clearly does not suffice" to overcome summary judgment.).

After considering the parties' papers, this Court is satisfied that discovery is needed to determine whether EMS is an "employer" for purposes of Title VII.

**III.    Adequacy of Complaint.**

EMS asserts that the Complaint is deficient because it fails to specify sufficient facts in support of its allegations.  The EEOC responds that its Complaint demonstrates genuine issues of material fact and satisfies the pleading requirements of the Federal Rules of Civil Procedure.

In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), the Supreme Court held that a plaintiff's complaint in an employment discrimination suit need not allege facts sufficient to establish a *prima facie* case of discrimination.  *Id.* at 510.  In *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003), the United States Court of Appeals for the Fourth Circuit interpreted *Swierkierwicz* in the context of a hostile work environment claim as follows:

> [A] plaintiff is not charged with forecasting evidence sufficient to prove an element of her claim.  Our circuit has not, however, interpreted *Skierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim. . . .  While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief.

*Bass*, 324 F.3d at 765 (emphasis in original; internal quotation marks and citation omitted); *see also Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in *Skierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim.") (internal citation omitted).

In this case, the Complaint contains almost no facts.  For example, while noting that Elizabeth Cooper, Paula Bathras, Kelli Brown, and Tanya Smith were subjected to a "continuing course of unwelcome and offensive harassment," the Complaint does not articulate any facts in

support of this contention.  (Compl. ¶¶ 8, 10, 12, 13.)  The EEOC has requested leave to file an amended complaint stating further facts in support of its claims.  (*See* Pl. Mem. in Opp. to Mot. to Dis. p. 17.)  Accordingly, this Court will grant the EEOC's request for leave to file an amended complaint and instructs the EEOC to organize its amended complaint by counts and allege the relevant facts with sufficient particularity.

<u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.[2]  A separate Order follows.

Dated: February 12, 2007            /s/_____
                                    Richard D. Bennett
                                    United States District Judge

---

[2]      Defendant may submit another motion for summary judgment on its status as an "employer" under Title VII after discovery has been taken.